IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY WHEELER, personally and as
Special Administrator of the
Estate of Gretchen A. Konrad, Deceased,
and as the father and natural guardian
of L.W., a minor,

                            Plaintiff,

v.                                                  Case No. 17-2249-JTM

UNITED STATES OF AMERICA,

                            Defendant.

## **ORDER**

Ricky Wheeler, the surviving spouse of Gretchen A. Konrad, brings this wrongful-death and survival action against the United States of America under the Federal Tort Claims Act. Plaintiff alleges physicians and other healthcare providers at Irwin Army Community Hospital ("IACH") negligently failed to properly manage Ms. Konrad's delivery of her son and failed to properly assess and treat Ms. Konrad thereafter. This case is before the court on plaintiff's motion to compel defendant to provide complete responses to his first interrogatories and request for production of documents (ECF No. 35).

On April 30, 2018, the undersigned U.S. Magistrate Judge, James P. O'Hara, issued an order (ECF No. 59) taking under advisement the portion of plaintiff's motion seeking two documents defendant claims are protected by the medical quality assurance

privilege contained in 10 U.S.C. § 1102—specifically, a note written by Sean Pozarek, CRNA, and a memorandum written by Mary Ellen Raymond, CNM.[1]  The court's order directed defendant to submit the two documents to the court for *in camera* review, and to submit an affidavit clarifying how the documents have been held by IACH, and how the documents have been moved (if at all).  The order further provided both parties the opportunity to file supplemental briefs.  The undersigned has reviewed the documents, the affidavits, and the supplemental briefing, and is now prepared to rule on the remainder of plaintiff's motion to compel.

10 U.S.C. § 1102(a) provides that "[m]edical quality assurance records created by or for the Department of Defense as part of a medical quality assurance program are confidential and privileged."  The statute goes on to specifically provide that "*[n]o part of any medical quality assurance record … may be subject to discovery or admitted into evidence in any judicial … proceeding*"[2] except under certain enumerated exceptions,[3] none of which apply in this case.  Congress had one overriding concern in mind when it enacted this medical quality assurance privilege:

> to produce an effective mechanism allowing the military departments to monitor and ensure that quality medical care [is] provided to Department of Defense beneficiaries through a collegial review process operating in "an environment of confidentiality in order to elicit candid appraisals and

---

[1] The remainder of plaintiff's motion to compel was granted in part and denied in part.

[2] 10 U.S.C. § 1102(b)(1) (emphasis added).

[3] *Id.* § 1102(c).

2

evaluations of fellow professionals" without the fear that such records would be subject to discovery during litigation, thereby causing such beneficiaries to "receive less than the high quality of care they deserve."[4]

The statute defines "medical quality assurance program" as:

any peer review activity carried out … to assess the quality of medical care, including activities conducted by individuals, military medical or dental treatment facility committees, or other review bodies responsible for quality assurance, credentials, infection control, patient care assessment …., medical records, health resources management review and identification and prevention of medical or dental incidents and risks.[5]

The term "medical quality assurance record" is defined as "the proceedings, records, minutes, and reports that emanate from quality assurance program activities described [above] and are produced or compiled by the Department of Defense as part of a medical quality assurance program."[6]

Upon review of the documents submitted *in camera*, the affidavits, and supplemental briefing, the court concludes the documents sought constitute records emanating from quality assurance program activities (i.e., risk management) that are produced or compiled as part of the medical quality assurance program. Defendant has demonstrated that the Raymond memorandum and "a version of" the Pozarek note have been held and continue to be held as part of the risk management record. Although

---

[4] *Smith ex rel. Smith v. United States*, 193 F.R.D. 201, 208 (D. Del. 2000) (quoting 1986 U.S.C.C.A.N. 6413, 6440).

[5] 10 U.S.C. § 1102(j)(1).

[6] *Id.* § 1102(j)(2).

plaintiff argues he's entitled to the original draft version of the Pozarek note insofar as it exists on a drive outside of the risk management file, the court finds plaintiff's argument unpersuasive.

Accordingly, plaintiff's motion, to the extent not already granted in part and denied in part, is denied.

IT IS SO ORDERED.

Dated June 5, 2018, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge