## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICKY WHEELER, personally and as the Special Administrator of the Estate of GRETCHEN A. KONRAD, deceased, and as the father and natural guardian of L.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:17-CV-02249-JTM-JPO |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND
### DR. KURT KRUEGER'S EXPERT DISCLOSURE

COMES NOW Plaintiff Ricky Wheeler, by and through counsel, Lynn R. Johnson and David R. Morantz of Shamberg, Johnson & Bergman, Chartered, and hereby respectfully requests this Court grant his Motion For Leave to Amend Dr. Kurt Krueger's Expert Disclosure.

**I. Background**

The original scheduling order in this case was filed September 28, 2017. In accordance with the scheduling order, Plaintiff disclosed his economic expert, Kurt Krueger, on May 1, 2018. On August 24, 2018, the parties filed their proposed pretrial order. Though defendant has not yet requested Dr. Krueger's deposition, Plaintiff expects Dr. Krueger's deposition will be requested and Plaintiff is willing and able to schedule the deposition well before the February 19, 2019, trial date.

On August 24, 2018, the Kansas Supreme Court issued an opinion in Burnette v. Eubanks, No. 112,429, 2018 WL 4039924 (Kan. Aug. 24, 2018), that might bear on the submission of

damages claims in this case. In Burnette, defendant appealed following a jury verdict for plaintiff on a medical malpractice wrongful death claim. Among the issues raised on appeal was whether the trial court erred in allowing the jury to consider economic damages arising from the decedent's parents' claim of Wentling damages for "loss of attention, care and loss of a complete family." Wentling v. Medical Anesthesia Services, P.A., 237 Kan. 503, 507, 701 P.2d 939 (1985). The Kansas Supreme Court held that the trial court did err and reversed the parents' economic award for "loss of attention, care and loss of a complete family." Burnette, 2018 WL 4039924, at *21.

Because Plaintiff asserts Wentling damages claims in this case, Plaintiff's counsel is concerned about the impact this new opinion might have on this and other wrongful death damages claims. Though it is too early to be certain how Kansas courts will apply Burnette to other similar damages claims, Plaintiff seeks leave to amend his expert disclosure in light of the Burnette holding.

## II. Argument and Authorities

When a motion to amend is filed after the scheduling order deadline for such an amendment, courts construe the motion as a motion to modify the scheduling order. White v. Union Pac. R. Co., No. 09-1407-EFM-KGG, 2013 WL 441066, at *2 (D. Kan. Feb. 5, 2013). Such modifications may be made for good cause with the judge's consent. Fed. R. Civ. P. 16(4). Good cause is shown when the scheduling order deadline could not have been met with due diligence. White, 2013 WL 441066, at *3. Courts "must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than pleading technicalities." Id. Courts have wide latitude to allow modification of scheduling orders and decisions are reviewed for abuse of discretion. AKH Co., Inc. v. Universal Underwriters Ins. Co., No. 13-2003-JAR-KGG, 2016 WL 6071796, at *4 (D. Kan. Oct. 17, 2016).

Plaintiff could not have met the scheduling order deadline with due diligence because the Burnette v. Eubanks opinion was issued August 24, 2018, the same day the parties filed their proposed pre-trial order and more than three months after the May 1, 2018, deadline to disclose experts. Plaintiff could not have anticipated the potential change in law presented by Burnette or its effect on the case at hand. Therefore, Plaintiff could not have met the scheduling order deadline with due diligence and Plaintiff should be permitted to amend its expert disclosure for Dr. Krueger.

### A. History of Wentling Damages

In 1985 the Kansas Supreme Court decided Wentling v. Medical Anesthesia Services, P.A., holding that a plaintiff may recover economic damages for loss of services, care and guidance based on a showing of the nature and extent of loss without providing monetary equivalents for that loss.[1] 237 Kan. at Syl. 1; 701 P.2d at 940. Wentling was a wrongful death case in which plaintiff claimed damages for himself and his children arising out of his wife's death. Id. at 504; 701 P.2d at 940–41. After the jury found for plaintiff and awarded damages, defendant appealed several elements of the damages submitted to the jury. Id. at 506; 701 P.2d at 942. The defendant argued that there was insufficient evidence to submit the "loss of services, attention, parental care, advice, and protection" and "loss of educational, physical, and moral training and guidance" damages elements for the children and to submit the "loss of services, attention, marital care, advice, and protection" elements for the plaintiff. Id. at 505–06; 701 P.2d at 941–42.

The Kansas Supreme Court rejected defendant's argument, noting that "plaintiffs in wrongful death actions are not required to prove their losses with mathematical certainty." Id. at 507; 701 P.2d at 945. No expert testimony is required to establish the monetary value of lost

---

[1] The court in Wentling referred in the aggregate to these losses as "services, care and guidance" and specified that they include a child's loss of services, attention, parental care, advice and protection, and loss of educational, physical, and moral training and guidance, and a spouse's loss of services, attention, martial care, advice and protection. 237 Kan. at 506, 701 P.2d at 941-42.

services, care and guidance. Id. at 514–15; 701 P.2d at 948. Rather, the court held, a plaintiff can prove damages by showing the nature and extent of the loss and "the triers of fact are presumed to be capable of converting the losses into monetary equivalents on the basis of their own experiences and knowledge." Id.; 701 P.2d at 948.

Wentling damages can include actual services, such as in-home child care, as well as less tangible losses, such as "guidance that would have contributed to [a] child's ability to obtain future employment," as long as those losses have an economic benefit to the plaintiff. Burnette, 2018 WL 4039924, at *21. Two Kansas pattern jury instructions reflecting Wentling damages are applicable to the present case: PIK 4th 171.30 and 171.31. Pattern instruction 171.30 describes the damages available for wrongful death of a spouse and lists economic damages as including "[l]oss of marital care, attention, advice, counsel, or protection." PIK Civ. 4th 171.30. Pattern instruction 171.31 describes the damages available for wrongful death of a parent and lists economic damages as including "[l]oss of parental care, training, guidance, education, or protection." PIK Civ. 4th 171.31.

### B.  Potential Changes in Wentling Damages After Burnette

Relying on Wentling and its progeny, the plaintiffs in Burnette submitted damages for "loss of attention, care and loss of a complete family." See Burnette, 2018 WL 4039924, at *17. Burnette did not include a loss of services claim. Id. at *13. On appeal, the Kansas Supreme Court held the Burnette plaintiffs failed to provide sufficient evidence to connect these elements of damages to "a demonstrated economic character capable of being valued." Id. The court distinguished Burnette from Wentling, noting that in Wentling the plaintiff's expert testified that the elements of loss had real economic value while in closing arguments in Burnette the plaintiff only provided "wide ranging hourly or per diem amounts" more akin to the speculative nature of

noneconomic damages. Id. at 19–20. The Burnette court further noted that the submission of damages in Wentling was supported by evidence of actual services, including care for a disabled child, while there was no similar claim for loss of services in Burnette. Id. at 21.

It is unclear what impact Burnette may have on this case and other wrongful death cases. Notably, Wentling and Burnette differ in that the damages in Wentling were associated with a husband and minor children's loss of their wife and mother while damages in Burnette were associated with the parents' loss of their adult son. Additionally, Wentling asserted a loss of economic services claim, i.e., cook, care provider, dishwasher, housecleaner, etc., while Burnette did not. The holding in Burnette might be understood to apply only when the plaintiffs are parents claiming damages for the loss of an adult child with no accompanying loss of services claim and not to apply where, as in this case, plaintiffs are a husband and minor child claiming damages for the loss of their wife and mother with an accompanying loss of services claim. Burnette could also be understood to narrow the holding of Wentling to require that Wentling damages be more concretely connected to economic value.

It is also unclear what impact Burnette may have on Kansas Pattern Jury Instructions 171.30 and 171.31. The opinion does not explicitly overrule these instructions or any other relevant law, which indicates that these instructions are likely still applicable. If Burnette has any bearing on the damages presented in this case, it likely bears on the support for those damages enumerated in instructions 171.30 and 171.31. Therefore, Plaintiff's Motion for Leave to Amend is not concerned with his ability to assert the damages he has claimed but out of an abundance of caution to ensure he has evidentiary support for his claims.

Because the implications of Burnette are unclear, Plaintiff seeks leave to amend his expert disclosure. Specifically, Plaintiff seeks leave to amend his disclosure of Dr. Krueger to include

Dr. Krueger's opinion that the wrongful death damages defined as economic/pecuniary damages by <u>Wentling</u> have real economic value.  The amended disclosure will further explain that, although Dr. Krueger cannot state an exact market equivalent for the personal value of these losses, i.e., exactly how much the <u>Wentling</u> economic losses mean to decedent's surviving husband and son, he can and will provide unitary market prices of the services, care and guidance categorized as <u>Wentling</u> damages and sought by plaintiff here, which the trier of fact can use, along with lay witness testimony regarding the personal impact of decedent's passing and the trier's concept of marketplace value and the dependencies and roles within family life, to determine the appropriate amount of compensation for those losses.  Because there is no marketplace for a replacement mother or spouse, there is no exact market equivalent for the personal <u>Wentling</u> economic losses sustained by the decedent's son and husband. However, Dr. Krueger will provide baseline, unitary values for the services, i.e., care, training, guidance, education, attention, advice, counsel and protection, that plaintiff and his son have lost as a result of decedent's passing. The trier of fact can consider these values, along with lay witness testimony about the personal impact of decedent's passing, to determine the appropriate amount of compensation for these losses.

These amendments to Dr. Krueger's report will not affect the amount of total economic loss Dr. Krueger previously reported for loss of financial support and loss of family services.

### III. Conclusion

For good cause shown, Plaintiff respectfully request this Court grant his Motion for Leave to Amend his expert disclosure of Dr. Kurt Krueger.

Respectfully submitted,

SHAMBERG, JOHNSON & BERGMAN, CHTD.

*/s/ Lynn R. Johnson*
Lynn R. Johnson, KS #07041
David R. Morantz, KS #22431
2600 Grand Boulevard, Suite 550
Kansas City, MO  64108
816 474-0004   474-0003 Facsimile
ljohnson@sjblaw.com
dmorantz@sjblaw.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen R. McAllister
United States Attorney
Clay Britton
Jason E. Oller
Assistant United States Attorneys
500 State Avenue, Suite 360
Kansas City, KS  66101
913 551-6730   551-6541 Facsimile
Clay.Britton@usdoj.gov
Jason.Oller@usdoj.gov
ATTORNEYS FOR DEFENDANT

*/s/ Lynn R. Johnson*
ATTORNEY FOR PLAINTIFF