IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY WHEELER, personally and as the
Special Administrator of the Estate of
Gretchen Konrad, deceased, and as
the father and natural guardian of
L.W., a minor,
        Plaintiff,

    vs.                                                           No. 17-2249-JTM

UNITED STATES OF AMERICA,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff's Motion for Continuance and Appointment. (Dkt. 112). The plaintiff, Ricky Wheeler, asks for the appointment of a guardian ad litem to represent the interests of the minor child, L.W., and for continuance of the currently scheduled trial. The parties also jointly ask for the scheduling of a status conference to address the case.

"As a general matter, 'a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone who is considered appropriate under the law of the forum state.'" *Rice ex rel. CIR v. Cornerstone Hosp.*, 589 Fed.Appx. 688, 691 (5th Cir. 2014) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1570, p. 665 (2010)).

However, "Rule 17(c) empowers a federal court to appoint a next friend if the infant's legal representative is unable or refuses to act." *Susan R.M. by Charles L.M. v. N.E. Indep. Sch. Dist.*, 818 F.2d 455, 458 (5th Cir.1987); *see also Ad Hoc Comm. of Concerned Teachers v. Greenburgh No. 11 Union Free Sch. Dist.*, 873 F.2d 25, 29 (2d Cir.1989) (Rule 17(c) "gives a federal court power to authorize someone other than a lawful representative to sue on behalf of an infant or incompetent person where that representative is unable, unwilling or refuses to act or has interests which conflict with those of the infant or incompetent.").

The court has an obligation to "exercise oversight of the minors' interests and to be protective of their claims." *Rice*, 589 Fed.Appx. at 691. "The minor's best interests are of paramount importance [and] the ultimate 'decision as to whether or not to appoint [a guardian ad litem] rests with the sound discretion of the district court." *Sam M. v. Carcieri*, 608 F.3d 77, 85 (1st Cir. 2010), *quoting Developmental Disabilities Advocacy Ctr., Inc. v. Melton*, 689 F.2d 281, 285 (1st Cir.1982)). *See Rodriguez v. City of New York*, 2011 WL 2259745, *2 (E.D.N.Y. 2011) (appointing third-party representative in place of parents).

The court has reviewed the plaintiff's submission and finds good cause for the appointment of a guardian ad litem pursuant to Fed. R. Civ. P. 17(c). The court hereby appoints Michael J. Fleming to represent L.W.'s interests in the present Kansas civil action.

Given this appointment, the court agrees that the present trial setting should be and hereby is continued. By separate Order, the court will arrange for a status conference to schedule a new trial date.

IT IS SO ORDERED this day of February, 2019 that plaintiff's Motion for Appointment and Continuance (Dkt. 112) is granted as provided herein.

s/ J. Thomas Marten
J. Thomas Marten, Judge